IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00511-MR

| | |
|---|---|
| **HERBERT J. ROBINSON JR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| **ERIK A. HOOKS, Secretary of** ) | |
| **Department of Public Safety,**[1] ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the *pro se* Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1]; the Petitioner's Motion to Proceed in Forma Pauperis [Docs. 4, 6]; and the Petitioner's Motion for New Trial. [Doc. 10].

**I.    BACKGROUND**

Herbert Robinson Jr. (the "Petitioner") is a prisoner of the state of North Carolina who was convicted of first-degree rape of a child under thirteen and

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254.  North Carolina law mandates that the Secretary of the Department of Public Safety is the custodian of all state inmates and he has the power to control and transfer them.  See N.C. Gen. Stat. § 148-4 (2017) ("The Secretary of Public Safety shall have control and custody of all prisoners serving sentence in the State prison system[.]").  Accordingly, Erik A. Hooks, the current Secretary of Public Safety, is the proper respondent in this action.

one count of first-degree kidnapping on January 28, 2014 in Union County Superior Court. The trial court sentenced the Petitioner to a term of 380 months to 468 months imprisonment.

The Petitioner appealed to the North Carolina Court of Appeals. On June 2, 2015, the North Carolina Court of Appeals affirmed the trial court's decision. State v. Robinson, 241 N.C. App. 400, 775 S.E.2d 36 (2015) (Table). The Petitioner did not file a Petition for Discretionary Review ("PDR") in the North Carolina Supreme Court.

On October 28, 2016, the Petitioner filed a Motion for Appropriate Relief in the Union County Superior Court. [Doc. 12 at 5]. On May 23, 2018, the Union County Superior Court denied the Petitioner's MAR. [Id. at 7]. On June 7, 2018, the Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals. [Id. at 8]. On October 16, 2019, the North Carolina Court of Appeals denied the Petitioner's petition for writ of certiorari. State v. Robinson, Case No. P-18-774 at Doc. 2 (NC. Ct. App. Oct. 16, 2019).

On October 1, 2019, the Petitioner filed the present habeas petition in this Court. [Doc. 1]. On October 16, 2019, the Petitioner filed a Motion to Proceed in Forma Pauperis. [Doc. 6]. On March 2, 2020, the Petitioner filed a Motion for New Trial. [Doc. 10].

**II. DISCUSSION**

The Court first considers the Petitioner's requests to proceed in forma pauperis. [Docs. 4, 6]. Based on the information provided by the Petitioner, the Court is satisfied that Petitioner does not have sufficient resources with which to pay the filing fee for this matter. Therefore, the Petitioner's Motions to Proceed in Forma Pauperis will be granted.

The Court next considers the Petitioner's habeas petition. In reviewing that petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs the district court to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,

> if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

After the Petitioner's direct appeal was denied on June 2, 2015, he had thirty-five days, until July 7, 2015, to file a PDR in the North Carolina Supreme Court. See N.C. R. App. P. 15(b)3 ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). Because the Petitioner did not file a PDR within those thirty-five days, he could not file a petition for writ of certiorari with the United States Supreme Court. Harb v. Keller, No. 1:09-cv-00766, 2010 WL 3853199, at *3 (M.D.N.C. Sept. 28, 2010) ("The United States Supreme Court has no jurisdiction to review, by

4

way of certiorari, intermediate state appellate court rulings when, as here, the petitioner fails to seek available review in the highest court of the State.") (citations omitted). Accordingly, the Petitioner's conviction became final on July 7, 2015, when the time for seeking review from the North Carolina Supreme Court expired. See § 2244(d)(1)(A). The AEDPA's one-year statute of limitations then started running until it ultimately expired on July 7, 2016.

The Petitioner did not file his MAR until October 28, 2016, after the AEDPA's statute of limitations had expired. The Petitioner also did not file the present habeas petition until October 1, 2019 and did not file his Motion for New Trial until March 2, 2020.[2] Accordingly, the Petitioner's habeas petition and Motion for New Trial is subject to being dismissed as untimely unless the Petitioner can demonstrate that the petition is subject to statutory tolling under § 2244(d)(1)(B), (C) or (D), or that equitable tolling should otherwise apply. The Petitioner has not provided an explanation for the delay in filing his habeas petition or his Motion for New Trial and does not appear to assert that any of the exceptions in § 2244(d)(1) apply. Accordingly, the

---

[2] The Petitioner's "Motion for New Trial challenging his state conviction falls squarely within the ambit of 28 U.S.C. § 2254(a)." Hicks v. Virginia, No. 3:18-cv-00118, 2018 WL 1401314, at *2 (E.D. Va. Mar. 20, 2018), appeal dismissed sub nom. Hicks v. Commonwealth, No. 18-6381, 2018 WL 4922830 (4th Cir. June 11, 2018).

5

Court will provide the Petitioner twenty-one days to explain why his habeas petition and his Motion for New Trial should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

(1) The Petitioner's Motion to Proceed in Forma Pauperis [Docs. 4, 6] are **GRANTED**.

(2) The Petitioner shall, within 21 days of entry of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus and his Motion for New Trial should not be dismissed as untimely. The Petitioner's failure to comply with this Order will result in dismissal of the habeas petition and the Motion for New Trial without further notice.

(3) The Clerk of Court is respectfully directed to substitute Erik A. Hooks, Secretary of the North Carolina Department of Public Safety, as the respondent in this action.

**IT IS SO ORDERED.**

Signed: November 12, 2020

Martin Reidinger
Chief United States District Judge