# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:19-cv-00511-MR

| | |
|---|---|
| HERBERT J. ROBINSON JR., )<br>)<br>        Petitioner, )<br>)<br>vs. )<br>)<br>ERIK A. HOOKS, Secretary of )<br>Department of Public Safety, )<br>)<br>        Respondent. )<br>_____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's responses to the Court's November 12, 2020 Order [Docs. 18, 20].

## I. BACKGROUND

Herbert Robinson Jr. (the "Petitioner") is a prisoner of the state of North Carolina who was convicted of first-degree rape of a child under thirteen and one count of first-degree kidnapping on January 28, 2014 in Union County Superior Court. The trial court sentenced the Petitioner to a term of 380 months to 468 months' imprisonment.

The Petitioner appealed to the North Carolina Court of Appeals. On June 2, 2015, the North Carolina Court of Appeals affirmed the trial court's decision. State v. Robinson, 241 N.C. App. 400, 775 S.E.2d 36 (2015)

(Table). The Petitioner did not file a Petition for Discretionary Review ("PDR") in the North Carolina Supreme Court.

On October 28, 2016, the Petitioner filed a Motion for Appropriate Relief ("MAR") in the Union County Superior Court. [Doc. 12 at 5]. On May 23, 2018, the Union County Superior Court denied the Petitioner's MAR. [Id. at 7]. On June 7, 2018, the Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals. [Id. at 8]. On October 16, 2019, the North Carolina Court of Appeals denied the Petitioner's petition for writ of certiorari. State v. Robinson, Case No. P-18-774 at Doc. 2 (NC. Ct. App. Oct. 16, 2019).

On October 1, 2019, the Petitioner filed a habeas petition in this Court. [Doc. 1]. On November 13, 2020, the Court entered an Order explaining that the Petitioner's habeas petition appeared to be untimely under § 2244(d)(1)(A) because the Petitioner failed to file his habeas petition within one year after the judgment in his case became final. [Doc. 17]. The Order instructed the Petitioner to show cause why his Petition should not be dismissed as untimely, including any reasons why statutory or equitable tolling might apply. [Id.].

2

Case 3:19-cv-00511-MR   Document 21   Filed 12/08/20   Page 2 of 5

On November 20, 2020, the Petitioner filed a response to the Court's Order. [Doc. 18]. On November 30, 2020, the Petitioner filed a revised response. [Doc. 20].

## II. DISCUSSION

The Petitioner does not present a basis for finding that any of the other provisions in § 2244(d)(1) apply here. Accordingly, the Petitioner's habeas petition can be timely only if equitable tolling applies.

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (quotation marks omitted).

The Petitioner seems to assert that equitable tolling should apply here because he "had no idea that I could attempt to get back into court: I only found out after talking with prisoners who had had dealings with the court

systems." [Doc. 18 at 1; Doc. 20 at 1]. According to the Petitioner, "[i]t was not until I began reading and studying my case and the law that I learned of the statute of limitations and other requirements that limited the time limit I had to file motions/bills." [Id.]. A petitioner's lack of knowledge does not, however, constitute a basis for tolling the statute of limitations. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."). The Petitioner has not cited any other circumstance, extraordinary or otherwise, that prevented him from filing a § 2254 petition before the statute of limitations expired. As such, the Petitioner is not entitled to equitable tolling.

The Petitioner has received notice of the statute of limitations in § 2244(d)(1)(A) and has received an opportunity to address the statute of limitations issue. [Doc. 17]; see Hill v. Braxton, 277 F.3d 701, 706-07 (4th Cir. 2002). Having received that opportunity, the Petitioner has failed to show that any of the other provisions in § 2244(d)(1) apply to his habeas petition or that he is entitled to equitable tolling. As such, the petition is untimely under §§ 2244(d)(1)(A) and must be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not

made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITH PREJUDICE** as untimely and procedurally barred under 28 U.S.C. § 2244(d)(1)(A).

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Signed: December 7, 2020

Martin Reidinger
Chief United States District Judge